1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11    TERRY PETTIS,                          )   1:09-cv-00978-LJO-SMS HC
                                             )
12                    Petitioner,            )   ORDER REQUIRING RESPONDENT TO FILE
                                             )   RESPONSE
13                                           )
          v.                                 )   ORDER SETTING BRIEFING SCHEDULE
14                                           )
                                             )   ORDER DIRECTING CLERK OF COURT TO
15    ANTHONY HEDGPETH,                       )   SERVE   DOCUMENTS   ON   ATTORNEY
                                             )   GENERAL
16                    Respondent.            )
      _____)

17

18         Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to

19    28 U.S.C. § 2254.

20         The Court has conducted its preliminary screening of the petition.  It is not clear from the

21    face of the Petitioner whether Petitioner is entitled to relief.  28 U.S.C. § 2243.  Accordingly,

22    pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of

23    Civil Procedure,[1] the Court HEREBY ORDERS:

24    _____

25         [1]The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in
      those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing
26    Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed.R.Civ.P. 81(a)(4).  Rule 11 also
      provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or
27    these rules,  may be applied to a proceeding under these rules."  Rule 11, Rules Governing Section 2254 Cases.

28                                              1

1.     Respondent **SHALL FILE** a **RESPONSE** to the Petition[2] within **SIXTY (60) days** of the date of service of this order. <u>See</u> Rule 4, Rules Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

      A.     AN **ANSWER** addressing the merits of the Petition. Respondent **SHALL INCLUDE** with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. <u>See</u> Rule 5 of the Rules Governing Section 2254 Cases. Any argument by Respondent that Petitioner has *procedurally defaulted* a claim **SHALL BE MADE** in an ANSWER that also addresses the merits of the claim asserted.

      B.     A **MOTION TO DISMISS** the Petition.[3] A Motion to Dismiss **SHALL INCLUDE** copies of all Petitioner's state court filings and dispositive rulings. <u>See</u> Rule 5, Rules Governing Section 2254 Cases.

2.     If Respondent files an Answer to the Petition, Petitioner **MAY FILE** a **Traverse** within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

3.     If Respondent files a Motion to Dismiss, Petitioner **SHALL FILE** an **Opposition** or **Statement of Non-Opposition** within **THIRTY (30) days** of the date Respondent's Motion is filed with the Court. If no Opposition is filed, the Motion to Dismiss is deemed submitted at the expiration of the thirty days. Any Reply to an Opposition to the

---

[2]Respondent is advised that a scanned copy of the Petition is available in the Court's electronic case filing system ("CM/ECF").

[3]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or *other pleading . . . or to take other action the judge may order.*" Rule 4, Rules Governing Section 2254 Cases (emphasis added); <u>see</u>, <u>also</u>, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); <u>also</u>, <u>White v. Lewis</u>, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

1    Motion to Dismiss SHALL be filed within **EIGHT (8) days**, plus three days for mailing.

2    4.    Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and

3    RETURN to the Court within **SIXTY (60) days** a Consent/Decline form indicating

4    whether the party consents or declines to consent to the jurisdiction of the United States

5    Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

6    5.    The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney

7    General or his representative.

8    All motions shall be submitted on the record and briefs filed without oral argument

9    unless otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110

10   are applicable to this order.

11

12   IT IS SO ORDERED.

13   **Dated:   July 17, 2009**                        /s/ **Sandra M. Snyder**
                                             UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    3