UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY PETTIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ANTHONY HEDGPETH,<br><br>　　　　Respondent. | 1:09-cv-00978-LJO-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION TO DISMISS WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 14)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On May 29, 2009, Petitioner filed the instant petition in the Sacramento Division of this Court, challenging his conviction in the Fresno County Superior Court for, inter alia, first degree murder and his sentence of life in prison without the possibility of parole plus 25 years. (Doc. 1). On June 4, 2009, the matter was transferred to the Fresno Division. (Doc. 3). On July 17, 2009, the Court ordered Respondent to file an answer. (Doc. 7). On September 14, 2009, Respondent file the answer to the petition. (Doc. 12). On October 28, 2009, Petitioner filed the instant Motion to Dismiss the petition, explaining that he had "been ill-advised in that Petitioner has failed to state a claim upon which relief can be granted." (Doc. 14, p. 1). Petitioner also explains that he had not

been aware that he must first present his claims to the state courts before presenting them to this Court. (Id.).  Petitioner requests dismissal of the petition without prejudice. (Id.).

Any opposition by Respondent to Petitioner's motion to dismiss was due on or before December 3, 2009.  To date, Respondent has not filed a response to said motion.

## DISCUSSION

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a).  Otherwise, an action shall not be dismissed except "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).  A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 20010); see also Stevedoring Svcs. Of America v. Armilla Int'l B.V., 889 F.2d  919, 921 (9th Cir. 1989)(stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced...or unfairly affected by dismissal.") "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Smith, 263 F.3d at 976.  Rather, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." See Smith, 263 F.3d at 976.

Here, Respondent had filed an answer before Petitioner filed his request for dismissal.  No stipulation for dismissal has been filed in this case. See Fed. R. Civ. P. 41(a)(1).  Accordingly, the motion to dismiss lies in the discretion of the Court, and the Court should grant Petitioner's motion unless Respondent will suffer legal prejudice thereby. Smith, 263 F.3d at 975.  Without question, Respondent has already expended time and resources in this case by filing an answer to the instant petition.   Nevertheless, in the ensuing two months since Petitioner filed his motion to dismiss, Respondent has not filed an opposition to Petitioner's motion nor has Respondent suggested in any way that Respondent would be legally prejudiced should the Court grant the motion to dismiss. Nothing in the record now before the Court suggests that the dismissal is being sought for improper

motives or to gain a tactical advantage.  It appears to the Court that, upon review of the arguments in Respondent's answer,  Petitioner has concluded that his claims lack merit and has simply decided to abandon his petition.

Under these circumstances, the Court concludes that Respondent would not be legally prejudiced by the dismissal of this action, and therefore recommends the same.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Petitioner's Motion to Dismiss the petition (Doc. 14), be GRANTED.

This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 6, 2010**                                        /s/ Jennifer L. Thurston
                                                                                   UNITED STATES MAGISTRATE JUDGE